# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| DEWEY AUSTIN BARNETT, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-00708-SEP |
| | ) | |
| BRENDA SHORT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is the motion of Plaintiff Dewey Austin Barnett, II, for leave to commence this civil action without prepayment of the required filing fee. Doc. [2]. Having reviewed the motion and the financial information submitted in support, the Court has determined that Plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1).

### 28 U.S.C. § 1915(B)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require Plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Plaintiff is

unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

## LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)). However, even pro se complaints are required to "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); s*ee also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center. At all relevant times, however, he was an inmate

at the Jefferson County Jail in Hillsboro, Missouri.  Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983, naming Jail Administrator Brenda Short, Correctional Officer Christopher Rulo, and the Jefferson County Jail as defendants.  Doc. [1] at 2-3.  Jail Administrator Short and Officer Rulo are sued in their official capacities only.  The complaint contains unrelated claims regarding sexual harassment, the denial of legal research material, the denial of religious material, failure to protect, and tampering with legal mail.

In the "Statement of Claim," Plaintiff first accuses Officer Rulo of sexually harassing him.  Doc. [1] at 13. More particularly, he states that on March 12, 2021, Officer Rulo "exploited his position" by strip-searching Plaintiff.

Second, on October 9, 2020, Plaintiff asserts that his right "to access the courts and [have] access to adequate legal materials" was violated when he was not allowed a copy of Black's Law Dictionary.  Doc. [1] at 14.  He explains that the jail did not have a copy, so he had it "sent directly from the [manufacturer]."  Doc. [1] at 14-15.  However, Plaintiff claims that Jail Administrator Short "overstepped her authority" by denying him the right to have it, even though "[h]aving legal materials sent directly from the [manufacturer] is a well-established policy ordained by other jails."  Doc. [1] at 14.

Third, on March 12, 2021, Plaintiff states that Jail Administrator Short "willfully denied" his First Amendment right to practice his religion by denying his request to have a Bible in administrative segregation.  Doc. [1] at 15.  And he claims that when he filed a grievance, Short told him that having a Bible "was nothing more than a privilege."  Doc. [1] at 16.

Fourth, Plaintiff states that he was assaulted by a "declared" enemy.  By way of explanation, he notes that on March 17, 2021, he "filed an electronic grievance declaring [an enemy] by name and cell number."  On March 18, 2021, Jail Administrator Short replied that there was nobody in the jail with the name Plaintiff provided.  Plaintiff acknowledges that he provided the wrong name for his purported enemy but states that he provided the correct cell number.  Doc. [1] at 17.  Despite having that information, he alleges, Short failed to take "reasonable measures to protect [his] safety from other detainees by moving [him] from [potentially] serious danger," and on December 15, 2021, his enemy attacked him, injuring him.

Finally, Plaintiff alleges that "Jefferson County Jail and its employees knowingly sabotaged [his] federal civil suit by" tampering with mail sent by the Court," resulting in the dismissal of his prior federal case.  Doc. [1] at 18.

3

As a result of the alleged violations of his rights, Plaintiff claims that he was injured in an assault by another inmate.  Doc. [1] at 5.  He also alleges "mental distress, legal injury, depression, loss of sleep, extended incarceration, [and] constant discomfort due to [Officer] Rulo's lingering presence."  *Id.*  Plaintiff requests that an "[e]xtensive legal library" be placed in the jail; that he be allowed to receive legal material sent to him at the jail; that Jail Administrator Short and Officer Rulo be "removed from their positions immediately"; and that there be an improvement in "living conditions for all detainees."  Doc. [1] at 7.  He also seeks $20 million in damages.

Attached to the complaint are a number of exhibits, including a "Memorandum for 1983 Civil Rights Complaint," a "Consent to [Endorsing] Legal Instruments," an affidavit authored by Plaintiff, grievances, grievance responses, incident reports, a letter to Internal Affairs, the dismissal order from Plaintiff's prior federal case, and a letter from the Jefferson County Sheriff's Office showing Plaintiff's incarceration dates.  The Court has reviewed these exhibits and will treat them as part of the pleadings.[1]

DISCUSSION

Plaintiff is a self-represented litigant who brings this 42 U.S.C. § 1983 action alleging various constitutional violations while he was an inmate at the Jefferson County Jail.  Because he is proceeding *in forma pauperis*, the Court has reviewed his complaint under 28 U.S.C. § 1915.  For the reasons set forth below, the complaint is deficient and subject to dismissal.  Plaintiff will be given the opportunity to file an amended complaint.

## I.    Deficiencies in Complaint

Plaintiff's complaint is deficient and subject to dismissal for three reasons.  First, Plaintiff names the Jefferson County Jail as a defendant, but a county jail is not a suable entity.  *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").  *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) ("while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint").

4

Second, Plaintiff has sued Defendants Short and Rulo in their official capacities only.  In an official-capacity claim against an individual, the claim is actually "against the governmental entity itself."  *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017).  Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).  Here, Defendants' employer is Jefferson County, but Plaintiff has failed to present any facts showing the county violated his constitutional rights due to an unconstitutional policy, custom, or failure to train. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing municipal "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Finally, Plaintiff has improperly joined five different claims.  He attempts to raise unrelated issues regarding a strip search, access to the courts, religious exercise, failure to protect, and access to mail.  Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . .  may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  While joinder of claims, parties, and remedies is encouraged under the Federal Rules of Civil Procedure, permissive joinder is not warranted in all cases.  *Mosely v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).  One requirement for joinder is that the asserted right to relief against each defendant must arise out of the same transaction or occurrence.  *Id*.  A plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences.  In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Here, Plaintiff has improperly attempted to join several unrelated claims.

Rather than dismissing outright, the Court will allow Plaintiff to file an amended complaint, according to the instructions set forth below.  Failure to follow the instructions herein may result in the dismissal of this action without prejudice.

## II.     Amendment Instructions

Plaintiff should type or neatly print his second amended complaint on the Court's prisoner civil rights form, which will be provided to him.  *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented Plaintiffs or petitioners should be filed on Court-provided forms").  If the amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, Plaintiff should clearly name each and every party he intends to sue.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").  If there is not enough room in the caption, Plaintiff may add additional sheets of paper, but all the defendants must be clearly listed.  Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page.  He should then fill out the complaint form in its entirety and ensure that he signs it.

In the "Statement of Claim" section, Plaintiff should provide a short and plain statement of the factual allegations supporting his claim.  *See* Fed. R. Civ. P. 8(a).  Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

As discussed above, Plaintiff has joined at least five unrelated claims against two different individuals in his complaint.  The claims do not arise from the same transaction or occurrence, and they do not share any common basis in law or fact.  **Plaintiff may not join unrelated claims in his amended complaint**.  The amended complaint should include only claims that arise out of the same transaction or occurrence.  **In other words, Plaintiff should only include claims that are related to each other**.  *See* Fed. R. Civ. P. 20(a)(2).  For example, Plaintiff cannot bring a claim against Officer Rulo for sexual harassment and also an unrelated claim against Jail Administrator Short regarding access to legal material.  However, if Plaintiff has multiple claims against a **single** defendant, he may name that person and set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, Plaintiff should begin by writing the defendant's name.  In separate, numbered paragraphs under that name, Plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant.  If Plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

6

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both.  The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If Plaintiff is suing a defendant in an individual capacity, he must allege facts demonstrating the defendant's personal responsibility for harming him.  *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (§ 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights").  Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him.  That is, for each defendant, Plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for Plaintiff to make general allegations against all the defendants as a group. Plaintiff must provide the role of each named defendant, in order that each specific defendant can receive notice of what he or she is accused of doing.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. Claims that are not re-alleged in the amended complaint will be deemed abandoned.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.  Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant.  If Plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

## III.    Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel.  Doc. [3].  In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  Rather, a district court may appoint counsel in a civil case if the court

is "convinced that an indigent Plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that Plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim.  *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time.  Specifically, the Court notes that Plaintiff's complaint is deficient, and that he has been ordered to file an amended complaint.  The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $1.00 within thirty (30) days of the date of this order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. [3]) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to Plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice.

**IT IS FINALLY ORDERED** that upon the filing of Plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 23rd day of August, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE